JAN 14 2026 AM8:29
FILED - USDC - NDTX - LU

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

MITLEY, LLC,

      Plaintiff,

v.                                                                  No. 5:24-CV-171-H

STATE FARM LLOYDS,

      Defendant.

## COURT'S FINAL JURY INSTRUCTIONS

### INSTRUCTION NO. 1

Members of the Jury:

      It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

      If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

      You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

      The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is

important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict. A company and all other persons are equal before the law and must be treated as equals in a court of justice.

## INSTRUCTION NO. 2

Plaintiff Mitley, LLC, has the burden of proving its case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Mitley has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.

## INSTRUCTION NO. 3

The fact that a person or entity has brought a lawsuit and is in court seeking damages creates no inference that the person or entity is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## INSTRUCTION NO. 4

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

INSTRUCTION NO. 5

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The Parties have agreed, or stipulated, to the following facts:

(1)    Plaintiff Mitley LLC owns 1607 University Avenue, Lubbock, Texas 79401 (the "Property"). This is the property at issue in this suit.

(2)    Plaintiff's suit arises from an insurance claim filed for damages to the Property allegedly sustained from a windstorm on May 10, 2022.

(3)    The claim at issue in this lawsuit is Claim No. 43-33X7-55W (the "Claim").

(4)    Plaintiff's policy at issue in this lawsuit is Policy No. 93-GH-M869-0 (the "Policy") with State Farm Lloyds which contains all applicable endorsements and has a Policy Period of November 30, 2021 to November 30, 2022.

(5)    Plaintiff Mitley LLC is a named insured under the Policy.

(6)    Plaintiff is a limited liability company formed under the laws of the State of Texas and its sole member is Rohit Mittal.

(7)    At the time the Claim was submitted, this suit was filed, and at all times since this suit was filed, Rohit Mittal has been domiciled in Texas.

(8)    The Policy was effective on the date of loss.

(9)    Plaintiff's deductible under the Policy is $6,000.

(10)    Plaintiff contends that policy benefits are owed only under Coverage A-Buildings. Plaintiff does not contend that policy benefits are owed under any other Coverage in the Policy.

(11)    The only potentially covered damages at issue in this lawsuit are damages, if any, caused by the May 10, 2022 storm.

(12)    Plaintiff is not seeking any benefits under the Policy for any completed additions, fixtures (including outdoor fixtures), permanently installed machinery and

– 6 –

equipment, personal property used to maintain or service the Property, and any other exterior collateral or appurtenances at the Property and is not contending that any damage occurred to any of these items related to the Claim.

(13)     Plaintiff is not seeking any benefits under the Policy for any damage to the interior of the Property.

(14)     The Policy does not cover any damages caused by neglect, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of loss.

(15)     The Policy does not cover any damage caused by insects, animals, rodents or other animals.

(16)     Plaintiff reported the Claim to State Farm on May 13, 2022, with a reported date of loss of May 10, 2022.

(17)     State Farm inspected the Property on May 25, 2022 and May 31, 2022.

## INSTRUCTION NO. 6

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a Party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if the greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## INSTRUCTION NO. 7

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence. If your recollection of the evidence differs from the chart or summary, rely on your recollection.

## INSTRUCTION NO. 8

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## INSTRUCTION NO. 9

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

– 11 –

## INSTRUCTION NO. 10

Mitley claims that State Farm breached a contract of insurance, which is a legally binding agreement between the parties.  State Farm denies that it breached the contract.  To prevail on this claim, Mitley must establish each of the following elements by a preponderance of the evidence:

1.    there is a valid, enforceable agreement between the parties;

2.    Mitley performed its obligations under the agreement;

3.    State Farm failed to perform its part of the agreement;

4.    the failure to perform caused injury to Mitley.

INSTRUCTION NO. 11

State Farm failed to comply with the Policy if it failed to pay for the covered damages, if any, that were caused solely by the May 10, 2022 storm.

As applicable to the insurance claim at issue, the Policy does not cover:

1.    Loss caused by any storm, peril, or event other than the May 10, 2022 storm.

2.    Loss caused by wear and tear.  But if wear and tear results in an accidental direct physical loss by any of the "specified causes of loss," the Policy pays for the loss caused by that "specified cause of loss."

3.    Loss caused by rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.  But if any of the above listed excluded causes of loss results in an accidental direct physical loss by any of the "specified causes of loss," the Policy will pay for the loss caused by that "specified cause of loss."

4.    Any damages caused by faulty, inadequate, or defective design, specification, workmanship, repair, maintenance, construction, or materials used in construction or repair.  But if accidental direct physical loss results from the above items, the Policy pays for that resulting loss unless the resulting loss is itself one of the losses not insured.

5.    Any damages related to or arising from settling, cracking, shrinking, or expansion. But if any of the above listed excluded causes of loss results in an accidental direct physical loss by any of the "specified causes of loss," the Policy will pay for the loss caused by that "specified cause of loss."

– 13 –

6.     Any damages caused by neglect, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of loss.

7.     Any damage caused by insects, animals, rodents or other animals.

8.     "Specified causes of loss" includes windstorm.

Under the Policy, Mitley is only entitled to the reasonable and necessary expenses incurred in attempting to mitigate damages and the actual cash value of the costs of the replacement for the damaged property as of May 10, 2022.

"Actual cash value" is the value of the damaged part of the property at the time of the loss, calculated as the estimated cost to repair or replace such property, less a deduction to account for pre-loss depreciation.  For purposes of calculating actual cash value, all components of the estimated cost to repair or replace the damaged part of the property are subject to depreciation, including materials, labor, and overhead and profit.  The depreciation deduction may include such considerations as age, condition, reduction in useful life, obsolescence, and any pre-loss damage including wear, tear, or deterioration of the damaged part of the property.

You are directed to only consider the reasonable and necessary expenses incurred in attempting to mitigate damages and the actual cash value of the replacement for the damaged property on May 10, 2022, for any covered damaged part of the property.

Further, State Farm does not have to pay for any loss or damage until the amount of loss or damage exceeds the Deductible shown in the Policy.  State Farm must then pay the amount of any covered loss or damage in excess of the Deductible.  The applicable

– 14 –

deductible under the Policy is $6,000.  Mitley, therefore, carries the burden to prove by a preponderance of the evidence that it sustained covered damage to the property in excess of $6,000 caused solely by the May 10, 2022 storm.

## INSTRUCTION NO. 12

If a party has proved its claims against the other party, then you must determine the damages to which the party is entitled. You should not interpret the fact that I am giving instructions about a party's damages as an indication in any way that I believe that a party should, or should not, win this case. It is your task first to decide whether any party is liable. I am instructing you on damages only so that you will have guidance in the event you decide that a party is liable and that the other party is entitled to recover money damages.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

– 16 –

## INSTRUCTION NO. 13

Mitley must prove its damages with reasonable certainty and is not entitled to recover damages that are too remote, too uncertain, or purely conjectural.

Where covered and non-covered perils combine to create a loss, the insured is entitled to recover only that portion of the damage caused solely by the covered peril.

Mitley would not be entitled to recover any damage amounts caused by delay brought about by Mitley, its representatives, or its attorneys.

Mitley would not be entitled to recover any amount Mitley could have avoided through the exercise of reasonable care. State Farm has the burden to prove by a preponderance of the evidence the amount Mitley could have avoided through the exercise of reasonable care.

## INSTRUCTION NO. 14

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. Although our court reporter has taken down all of the testimony, it is not done in such a way that we can read it back to you or provide it to you at your request. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it.

– 18 –

Once your answers have been recorded on the verdict form, the foreperson should notify the court security officer that you have reached a verdict. The court security officer will then deliver the verdict to me. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the foreperson should write the inquiry and give it to the Court Security Officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

## QUESTION NO. 1

Did Mitley comply with all of the following conditions precedent in the Policy?

Conditions precedent to an obligation to perform are acts or events that are to occur after the contract is made and that must occur before there is a right to immediate performance and before there can be a breach of contractual duty.

Answer "Yes" or "No" for each of the below.

Provide requested records and documents to State Farm regarding the claimed damages.

Answer: _____NO_____

Cooperate with State Farm in the investigation of the Claim.

Answer: _____No_____

– 20 –

Case 5:24-cv-00171-H    Document 84    Filed 01/14/26    Page 21 of 25    PageID 1243

Answer Question No. 2 if you answered "No" to any part of Question No. 1.

Otherwise, do not answer Question No. 2.

## QUESTION NO. 2

Was State Farm prejudiced by Mitley's failure to comply with any of the conditions

precedent in the Policy?

"Prejudice" means damage or detriment to one's legal rights or claims.

Answer "Yes" or "No."

Answer: _____*yes*_____

If you answered "No" to Question No. 2 or did not answer Question No. 2, then answer Question No. 3.  Otherwise, do not answer the following question.

### QUESTION NO. 3

Did State Farm fail to comply with the Policy?

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question No. 3, then answer Question No. 4.  Otherwise, do not answer the following question.

## QUESTION NO. 4

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Mitley for its unpaid property damages, if any, that were caused solely by the May 10, 2022 storm?

Answer in dollars and cents, if any:

$_____

If you answered "Yes" to Question No. 3, then answer Question No. 5.  Otherwise, do not answer the following question.

## QUESTION NO. 5

Did State Farm fail to pay Plaintiff's claim for covered property damage that was caused by the May 10, 2022 storm within sixty days of receiving all items, statements, and forms reasonably requested from State Farm that were necessary to decide whether to accept or reject the claim?

"Day" means every day, including Saturdays, Sundays, and holidays.
Answer "Yes" or "No":_____

If you answered yes, by what date had State Farm received all items, statements, and forms that State Farm reasonably requested from Plaintiff that were necessary to decide whether to accept or reject the claim?

Answer with a date (day/month/year) in the blank below.
Answer: _____

You are now finished.

Sign the verdict form and give it to the Court Security Officer.

## VERDICT CERTIFICATE

We, the jury, certify that the answers to the above questions constitute our unanimous verdict in this case.


_K—C.⁊_____

Signature of Foreperson


_Karen G. Davis_

Printed Name of Foreperson


_1. 13. 2026_____

Date Signed